## Wisniawski *v.* Carbon Steel Company, Appellant.

*Negligence—Master and servant—Contributory negligence.*

In an action against a steel company to recover damages for death of plaintiff's husband, it appeared that the deceased was foreman of a gang of men employed in defendant's yard in breaking scrap iron and molds. The appliance used was a tripod thirty feet high, to the top of which a heavy iron ball was raised and allowed to drop on the pile of iron beneath it. To protect the workmen from the fragments of iron that would be thrown about when the ball fell, a rough shed had been constructed at one side of the base of the tripod and a few feet from it. Deceased had been foreman of the day gang two and a half years, and he and his men with the assistance of a carpenter had built the shed about a year before. Its sides were made of railroad ties bolted together and the top of heavy sheet iron. Other railroad ties were kept in the yard for use in strengthening or protecting the building when necessary to do so. Deceased had entire charge of the work during the day and directed what should be done and how it should be done. When he came to his work on the morning of the accident he found a large pile of broken scrap left by the night gang engaged in the work. He applied to someone in authority in the yard, known as the labor boss, for buggies to remove the scrap, and told him the shed was weak. He was told by this man that the buggies were all in use at the time, and to go on with his work. Without removing any of the scrap iron left by the night gang, he broke other iron on the top of it for two hours, thus adding to the pile. The ball glanced or rolled from the pile, struck the shed and broke one of the timbers, which fell upon and injured deceased, causing his death. It was undisputed that the accident was caused by allowing the pile of scrap to become too high, and to slope towards the shed. *Held,* that the deceased was guilty of contributory negligence, and that plaintiff was not entitled to recover.

Argued Oct. 25, 1906. Appeal, No. 61, Oct. T., 1906, by defendant, from judgment of C. P. No. 3, Allegheny Co., May T., 1904, No. 333, on verdict for plaintiff in case of Mary Wisniawski v. Carbon Steel Company. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, ELKIN and STEWART, JJ. Reversed.

Trespass to recover damages for death of plaintiff's husband. Before KENNEDY, P. J.

The opinion of the Supreme Court states the circumstances connected with the accident.

Verdict and judgment for plaintiff for $2,000. Defendant appealed.

*Error assigned* was in refusing binding instructions for defendant.

*Stephen Stone*, of *Stone & Stone*, for appellant, cited: Ricks v. Flynn, 196 Pa. 263 ; Lehman v. Carbon Steel Co., 204 Pa. 612 ; Reese v. Clark, 146 Pa. 465 ; McCombs v. Pittsburg, etc., Ry. Co., 130 Pa. 182 ; Diehl v. Lehigh Iron Co., 140 Pa. 487 ; Wilkinson v. Johns Mfg. Co., 198 Pa. 634 ; Cracraft v. Bessemer Limestone Co., 210 Pa. 15 ; Marsden v. Haigh, 14 W. N. C. 526 ; Fick v. Jackson, 3 Pa. Superior Ct. 378 ; Green & Coates St. Pass. Ry. Co. v. Bresmer, 97 Pa. 103 ; Beittenmiller v. Bergner & Engel Brewing Co., 12 Atl. Repr. 599.

*Meredith R. Marshall*, with him *Thos. M.* and *Rody P. Marshall*, for appellee, cited: McCray v. Sterling Varnish Co., 7 Pa. Superior Ct. 610 ; Wagner v. Jayne Chemical Co., 147 Pa. 475 ; Reese v. Clark, 198 Pa. 312 ; Patterson v. R. R. Co., 76 Pa. 389 ; Hughes v. Fayette Mfg. Co., 214 Pa. 282.

OPINION BY MR. JUSTICE FELL, January 7, 1907 :

Antonio Wisniawski, the plaintiff's husband, was foreman of a gang of men employed in the defendant's yard in breaking scrap iron and molds. The appliance used was a tripod thirty feet high, to the top of which a heavy iron ball was raised and allowed to drop on the pile of iron beneath it. To protect the workmen from the fragments of iron that would be thrown about when the ball fell, a rough shed had been constructed at one side of the base of the tripod and a few feet from it. Wisniawski had been foreman of the day gang two and a half years, and he and his men with the assistance of a carpenter had built the shed about a year before. Its sides were made of railroad ties bolted together and the top of heavy sheet iron. Other railroad ties were kept in the yard for use in strengthening or protecting the building when necessary to do so. Wisniawski had entire charge of the work during the day and directed what should be done and how it should be done. When he came to his work on the morning of the accident he found a large pile of broken scrap left by the night gang engaged in the same work. He applied to some one in authority in the yard, known as the labor boss, whose duties and whose authority are not defined, for buggies to remove the scrap, and told him the shed was weak. He was told by this man that the buggies were all in use at the time, and to go on with his work. Without removing any of

the scrap iron left by the night gang, he broke other iron on the top of it for two hours, thus adding to the pile. The ball glanced or rolled from the pile, struck the shed and broke one of the timbers, which fell upon and injured Wisniawski, causing his death.

The allegations of negligence are that the shed was improperly constructed and that the sides were weak, and that the deceased had continued to work on the assurance by the labor boss that it was safe. The questions submitted to the jury were whether Wisniawski had continued at work because of the assurance of safety and whether the danger was so manifest that he knew of it and took the risk.

The undisputed testimony, that produced by the plaintiff as well as that produced by the defendant, was that the accident was caused by allowing the pile of scrap to become too high and to slope towards the shed. The shed was intended as a protection against small pieces of iron that might be thrown out when the ball fell; there was no danger from the ball if the pile was kept low or was properly constructed so that the ball would fall directly on the top of it. If the pile was high, the ball would roll off of it in the direction in which the pile sloped. This was the only danger from the ball. The whole work was under the control of Wisniawski. He could have had the scrap drawn to one side until he could procure buggies to remove it, and he could have had the pile reshaped so as to avoid danger from the ball. Instead of doing this he broke scrap for two hours, increasing the pile and giving no attention to its shape. The shed was not insufficient for the purpose for which it was primarily intended. If it was insufficient as a protection against the ball when the pile of scrap became too high or was misshaped, no one knew this better than Wisniawski, who had helped to build it and who used it every five minutes during the day. He had the material at hand to remedy any defects. He continued to work in the presence of a danger which was manifest and of his own creation, and which he had the power to remove at will. We see no ground on which a recovery against the defendant can be sustained.

The judgment is reversed and judgment is now entered for the defendant.